NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0604n.06
Filed: July 18, 2005

No. 04-3591

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GLENN WEBB, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON PETITION FOR REVIEW OF |
| R O X A N A  C O A L  C O M P A N Y, | ) | AN ORDER OF THE BENEFITS |
| INCORPORATED; KENTUCKY COAL | ) | REVIEW BOARD |
| PRODUCERS' SELF-INSURANCE FUND; | ) | |
| DIRECTOR, OFFICE OF WORKERS' | ) | |
| COMPENSATION PROGRAMS, UNITED | ) | |
| STATES, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

Before: ROGERS and SUTTON, Circuit Judges; ROSEN, District Judge.[*]

ROGERS, Circuit Judge. Glenn Webb, a Kentucky resident, petitions pro se for review of an order of the Benefits Review Board affirming an administrative law judge's decision denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-45. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Webb was born in 1937. He worked in coal mining for many of the years between 1955 and 1990, when he retired due to a back injury. Although he claims thirty-five years of coal mine employment, the administrative law judge (ALJ) in this case found that twenty years of coal mine

---

[*]The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

employment were documented. This is the third claim for black lung benefits Webb has filed. He also smoked until 1996 or 1997, at the rate of more than one pack per day.

The ALJ denied benefits on the claim after determining that the medical evidence submitted with the new claim did not establish a material change in Webb's condition since his previous claims were denied. Specifically, the ALJ found that the medical evidence did not establish that Webb had pneumoconiosis arising out of his coal mine employment, or that he had a total respiratory disability due to pneumoconiosis. The Benefits Review Board affirmed that decision. In his brief, Webb argues that he is entitled to benefits based on his thirty-five years of coal mine employment, and he submits that the denial of benefits was due to the ineffective assistance he received from his counsel below.

We review a decision in a black lung benefits case to determine whether it is supported by substantial evidence. *Riley v. Nat'l Mines Corp.*, 852 F.2d 197, 198 (6th Cir. 1988). Upon consideration, we conclude that the decision below satisfies this standard.

Because this was a duplicate claim, Webb was required to establish a material change in condition; that is, to establish one of the elements of entitlement that was previously adjudicated against him. *Grundy Mining Co. v. Flynn*, 353 F.3d 467, 480 (6th Cir. 2003). In this case, the ALJ found that none of the elements of entitlement, previously adversely adjudicated, had been established.

Webb did not establish the existence of pneumoconiosis pursuant to 20 C.F.R. § 718.202. The new X-ray evidence consisted of three positive and five negative X-ray readings. The ALJ permissibly concluded that pneumoconiosis had not been established by a preponderance of the X-ray evidence. *Director, OWCP v. Greenwich Collieries*, 512 U.S. 267, 281 (1994). A biopsy had been performed in 2001, which showed anthracotic pigment in Webb's lungs, but that is not sufficient to support a finding of pneumoconiosis. *Griffith v. Director, OWCP*, 49 F.3d 184, 186

(6th Cir. 1995). None of the regulatory presumptions of the existence of pneumoconiosis were applicable in this case. The final method of establishing pneumoconiosis is by a physician's diagnosis. Dr. Breeding, Webb's family practice doctor, stated that Webb had pneumoconiosis, but his diagnosis was not reasoned or documented, and therefore was not entitled to deference. *Eastover Mining Co. v. Williams*, 338 F.3d 501, 512-13 (6th Cir. 2003). The doctor who saw Webb specifically for his lung problems also diagnosed pneumoconiosis, but he based this on the biopsy, which did not satisfy the regulations for a diagnosis of pneumoconiosis, and on Webb's history of thirty-five years in coal mining, which the ALJ found to be an overstatement. Two other physicians who examined Webb, Drs. Baker and Westerfield, also diagnosed pneumoconiosis, referring to this employment history and their positive X-ray readings. Because the ALJ found that the X-ray evidence did not establish pneumoconiosis, his decision to discount these opinions was also permissible. *Cornett v. Benham Coal, Inc.*, 227 F.3d 569, 576 (6th Cir. 2000). The record also contained the report of a CT scan of Webb's lungs, performed in 2000, which was read as showing emphysema, and did not mention pneumoconiosis. Finally, Dr. Broudy, who examined Webb, and Dr. Repsher, who reviewed the medical evidence of record, both opined that Webb did not have pneumoconiosis. The ALJ's decision to credit these opinions was supported by substantial evidence.

Substantial evidence also supports the determination that Webb failed to establish a total respiratory disability due to pneumoconiosis under 20 C.F.R. § 718.204. There were no qualifying pulmonary function studies or blood gas studies in the record, and there was no diagnosis of cor pulmonale. The only remaining method for establishing a total disability was again by doctor's opinion. Although one treating physician found Webb disabled, his opinion was not documented or reasoned. The remaining physicians that took a position regarding total disability all concluded that Webb had a minimal or no respiratory impairment.

Webb's argument that the denial of benefits is due to his counsel's ineffective assistance is not a basis for granting the petition for review. Moreover, the denial was supported by the medical evidence, which did not show that Webb has a total respiratory disability due to pneumoconiosis, as required in order for him to be entitled to benefits. For all of the above reasons, the petition for review is denied.